UNITED STATES COURT OF APPEAL FOR THE FOURTH CIRCUIT
DOCKETING STATEMENT – CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | 13-1617 – Consolidation Coal Company v. Georgia Power Company |
|---|---|
| **Originating No. & Caption** | 5:08-CV-460-FL – Duke Energy Progress, Inc. v. Alcan Aluminum Corporation<br><br>5:08-CV-463-FL – Consolidation Coal Company v. Alcan Aluminum Corporation |
| **Originating Court/Agency** | Eastern District of North Carolina |

| **Jurisdiction** (answer any that apply) – 42 U.S.C. § 9613(b); 28 U.S.C. § 1331 ||
|---|---|
| Statute establishing in Court of Appeals | 28 U.S.C. § 1291 |
| Time allowed for filing in Court of Appeals | 30 days |
| Date of entry of order or judgment appealed | Order entered February 1, 2013<br>Judgment entered May 1, 2013 |
| Date notice of appeal or petition for review filed | May 6, 2013 |
| If cross appeal, date first appeal filed | N/A |
| Date of filing any post-judgment motion | N/A |
| Date order entered disposing of any post-judgment motion | N/A |
| Date of filing any motion to extend appeal period | N/A |
| Time for filing appeal extended to | N/A |
| Is appeal from final judgment or order? | ☒ Yes    ☐ No |
| If appeal is not from final judgment, why is order appealable?<br>N/A ||

| Settlement (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ☐ Yes | ☒ No |

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ☐ Yes | ☒ No |
| Has transcript been filed in district court? | ☐ Yes | ☒ No |
| Is transcript order attached? | ☐ Yes | ☒ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidated is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ☐ Yes | ☒ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ☒ Yes | ☐ No |
| Does case involve question of first impression? | ☐ Yes | ☒ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ☐ Yes | ☒ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| Nature of Case (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Consolidation Coal Company ("Consol") signed an Administrative Settlement Agreement and Orders on Consent with the U.S. Environmental Protection Agency, agreeing to participate in and pay for a time critical PCB removal action at the Ward Transformer Superfund Site near Raleigh, North Carolina. Based on 42 U.S.C. § 9613(f), Consol sued more than 200 parties seeking contribution, including a claim against Georgia Power Company ("GPC"), based on 42 U.S.C. § 9607(a)(3). GPC moved for summary judgment asserting that its sales of used, PCB-containing scrap transformers to Ward Transformer did not constitute an arrangement for the disposal of a hazardous substance so as to establish liability under § 9607(a)(3). Consol cross-moved for summary judgment. The district court granted GPC's motion and denied Consol's cross-motion, concluding that the evidence supported a finding that GPC did not have the requisite "intent to dispose of a hazardous substance." |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. Did the district court err, as a matter of law, in determining that GPC's sale of scrap, non-functioning PCB-containing transformers to Ward Transformer did not include an arrangement for disposal of a hazardous substance, *i.e.*, PCBs, as set forth in 42 U.S.C. § 9607(a)(3)? |
| 2. Did the district court err in determining that there were no material fact disputes regarding GPC's intent to arrange for the disposal of waste PCBs by selling its scrap, non-functioning PCB-containing transformers to Ward Transformer? |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party it not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Georgia Power Company<br>Attorney: Daniel S. Reinhardt, Esq.<br>Address: Troutman Sanders LLP<br>5200 Bank of America Plaza<br>600 Peachtree Street, N.E.<br>Atlanta, GA  30308-2216<br>E-mail: daniel.reinhardt@troutmansanders.com<br>Phone: (404) 885-3206 | Adverse Party:<br>Attorney:<br>Address:<br><br>E-mail:<br>Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: Georgia Power Company<br>Attorney: Jaime Theriot, Esq.<br>Address: Troutman Sanders LLP<br>5200 Bank of America Plaza<br>600 Peachtree Street, N.E.<br>Atlanta, GA  30308-2216<br>E-mail: jaime.theriot@troutmansanders.com<br>Phone: (404) 885-3534 | Adverse Party:<br>Attorney:<br>Address:<br><br>E-mail:<br>Phone: |
| **Appellant** (attach additional page if necessary.) ||
| Name: Consolidation Coal Company<br>Attorney: Daniel M. Darragh, Esq.<br>Address: Cohen & Grigsby, P.C.<br>625 Liberty Avenue<br>Pittsburgh, PA  15222-3125<br>E-mail: ddarragh@cohenlaw.com<br>Phone: (412) 297-4718 | Name: Consolidation Coal Company<br>Attorney: Julie W. Vanneman, Esq.<br>Address: Cohen & Grigsby, P.C.<br>625 Liberty Avenue<br>Pittsburgh, PA  15222-3125<br>E-mail: jvanneman@cohenlaw.com<br>Phone: (412) 297-4715 |

| Appellant (continued) | |
|---|---|
| Name: PCS Phosphate Company, Inc.<br>Attorney: Michael H. Ginsberg, Esq.<br>Address: Jones Day<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA  15219-2514<br>E-mail: mhginsberg@jonesday.com<br>Phone:  (412) 391-3939 | Name:<br>Attorney:<br>Address:<br><br>E-mail:<br>Phone: |

Signature: _[signature]_                    Date: May 16, 2013
Counsel for: Consolidation Coal Company

**Certificate of Service:** I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| Daniel S. Reinhardt, Esq.<br>Troutman Sanders LLP<br>5200 Bank of America Plaza<br>600 Peachtree Street, N.E.<br>Atlanta, GA  30308-2216 | Michael H. Ginsberg, Esq.<br>Jones Day<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA  15219-2514 |

Signature: _[signature]_                    Date: May 16, 2013